Green, J.
delivered the opinion of the court. r
In this case the defendants below, Spears and White, who are residents of North Carolina, sold to the complainant a negro girl, stating that she was not diseased, except a cold she had contracted on the river. They executed to the complainant a bill of sale in which they warranted the girl to be sound. The negro shortly after the purchase became sick, and in a few months died.— The physician who was employed to cure the negro, proves that her disease was of such a character as to lead to the conclusion that she had been diseased some length of time before complainant bought her. The proof in this case does not establish that the defendants knew the negro was laboring under any disease, other than that disclosed by them at the time of the sale. If they did not they were guilty of no fraud in the sale. They used no dishonest means to induce said complainant to purchase. Upon what ground of equity jurisdiction, then, can this court maintain the bill to enjoin the defendants’ judgment at law for the purchase money? The complainant has a plain, adequate, and unembarrassed remedy at law upon his covenant of warranty. A court of law can afford him as ample relief as can be obtained here. All the distinction between the two jurisdictions may be broken down if this bill be entertained; and the trial of causes when the remedy is purely legal, and when there is nothing in the way to embarrass its attainment, will be taken from juries and transferred to chancery. This would be contrary to the settled rules of law. It would impair the “right of trial by jury,” which ought never to be interfered with but in cases where that mode of trial would not afford an adequate remedy.
It is insisted that because the defendants are residents of another State, that is a ground of equity jurisdiction. There is no reason for this distinction. If this were established as a reason why the courts of equity would in *104 terpose in favor of a party, eVery circumstance of incon- \ , Í. ,' . ' , c . vemence, however slight, would become a ground ol jurisdiction. A party might in every case select this forum as convenience might dictate, and thereby destroy all distinction between the jurisdiction of courts of law and courts of chancery. Make the most of the argument, it is only a matter of convenience. The conclusion from what has been said, is, that chancery in this case had no jurisdiction to afford the relief prayed for, and therefore the decree must be reversed, and the bill dismissed with costs.
Bill dismissed.